## In re CHAMBERLAIN et al.
### Patent Appeal No. 2327.

Court of Customs and Patent Appeals.
May 26, 1930.

N. S. Amstutz, of Valparaiso, Ind., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

**BLAND, Associate Judge.**

Appellants have appealed here from a decision of the Board of Appeals, affirming that of the Examiner, rejecting appellants' claims 6 and 7 for an improvement in bathroom accessories, which claims read as follows:

"6. In bath room accessories, a body forming an attachable fixture comprising enclosing walls having an open front, a continuous flange formed around the body between

its front and rear face on a plane approximately parallel with its front face that portion of the body to the rear of the flange being insertable into a wall opening, and means for holding the fixture against displacement in such opening.

"7. In bath room fixtures, a body forming an attachable fixture comprising enclosing walls discontinuous on the front of the fixture, a flange projecting from the body on a plane approximately parallel with the front in a continuous manner, the rear portion of the body being insertable into a wall opening as far as the flange will permit, and means for holding the fixture in the opening against displacement."

The claims were rejected upon the following references: Crane, 954,934, April 12, 1910; Baker, 1,267,353, May 28, 1918; Miller, 1,536,906, May 5, 1925.

The subject-matter of the claimed invention consists of such bathroom accessories as open front tumbler holders, soap holders, paper holders, towel racks, toothbrush holders, etc., which are designed to be installed in old or new walls, and which are so fashioned as to project, for the most part, into the room rather than behind the wall. The claims call for a continuous flange formed around the body of the article between the front and rear surfaces. The flange, as in other accessories old in the art, is used for the purpose of preventing the fixture from extending backward into the wall too far and also to hide the crack or opening made for the insertion of the fixture. By placing the flange in the middle rather than on the edge of the article, more than one-half of the fixture projects into the bathroom rather than into or behind the wall. It is urged that the claimed invention provides a means for persons inexperienced in installing bathroom fixtures to place the fixture in a shallow wall where the ordinary deep-seated fixture could not be used.

Crane shows a water-closet cistern, to be used in the bathroom, with a flange similar to applicants' extending around the fixture and approximately near the middle thereof. It is true that there is only a very little opening on the top of the front. Nevertheless it discloses a flange in approximately the middle of the fixture, and is therefore available for shallow walls.

Baker shows a fixture, to be fitted into the wall, with continuous flanges on the outside, parallel with the front, making the fixture flush with the wall.

Miller shows a fixture with a continuous flange around the outside which forms an inclosing wall around the body of the fixture and which hides the opening in the wall into which the fixture is inserted.

We agree with the decision of the Board of Appeals that appellants' alleged invention was anticipated by the references referred to in the decision of the Board of Appeals and that the change of the location of the flange from the front to the center does not constitute patentable invention. Any one skilled in and familiar with the art, desiring such a result, could do what appellants have done by the exercise of mechanical skill only.

The decision of the Board of Appeals is affirmed.

Affirmed.